Mr. Justice Humphreys
delivered the opinion of the court:
We acknowledge the correctness of the principle stated by defendant’s counsel, that “if one of two innocent persons must suffer from the fraud of a third, it should manifestly be he who, by his laches or misplaced confidence, has enabled the third party to commit the fraud.” But what is the fact in this case, as appears from the record ?, The bill of exceptions shows that the power granted by plaintiff was expressly confined to receive any check, certificate, or order issued by the government or its agents, but no power to endorse.
The check was payable to plaintiff’s order, and was paid to one Teal, who signed the name of plaintiff on the endorsement. Teal is liable to the bank, just as any bank in the city of Washington would be to another which had paid a check. Hence it is, these institutions always look to the responsibility of the person presenting a check. The check was payable to the order of Bees J. Millard; his name was endorsed upon it; but if his name was signed without his knowledge or authority it could not bind him. The object of checks and drafts is the safe transmission of funds from one point to another, payable to the order of the payee. The drawee is always advised, in some way or other, of the identity of the payee, or of the authority of any other person to represent him.
*58 The record, as we have it printed and presented to us, states expressly, in the bill of exceptions, that Teal endorsed plaintiff’s name without his authority. The question then goes back to the proposition, whether a general power of attorney to prosecute a claim, with power to settle the claim and to receive any check or order issued for the payment of the claim, confers the power to sign an endorsement.
Powers of attorney must be construed according to their language and scope.
The parties here were employed to do a particular thing; that was, to prosecute the claim and, if the claim was allowed, to receive any check, certificate, or order. But the check was payable to the order of plaintiff. Teal had no power to assign or endorse the paper in the name of the payee. That was far beyond the scope of his powers, and could not be construed to be within the limits. The object of a power of attorney is to define the extent of the agency, and all persons dealing with a special agent must inquire into his powers. It is stated, in the bill of exceptions, that Teal, without plaintiff’s authority, endorsed the check in plaintiff’s name. The defendant asked the court to charge the jury, that, upon the whole evidence, the plaintiff was not entitled to recover, which the court refused. We think the Circuit Court did right in refusing the charge. We are informed of no further action by the court, and, of course, cannot arrest the effect of the judgment rendered. The bill of exceptions further shows that defendant had settled with the drawer of the check and charged up the amount. We think this is priority between the parties to maintain the action. The statute of limitations cannot bar if the.amendment could be made. The Supreme Court of the United States — it appears from brief of counsel for defendant — remanded this case to give an opportunity to amend, and the amendment was made.
Judgment affirmed.